JOHN WEBB *v.* S. C. BAIRD, Clerk, etc.

PRIVILEGE TAX. *Liquor dealers.* A wholesale liquor dealer is one who sells to purchasers in packages or quantities for the purpose of trade or to be resold. A retail dealer is one who sells to persons or consumers for the purpose of consumption.

FROM CAMPBELL.

Appeal in error from the Circuit Court of Campbell county.    D. K. YOUNG, J.

J. C. J. WILLIAMS for Webb.

ATTORNEY-GENERAL LEA for Baird.

DEADERICK, C. J., delivered the opinion of the court.

This is an agreed case to test the liability of plaintiff in error, a manufacturer of whisky out of the products of the State, to the payment of a wholesale liquor dealer's license under the act of 1881.

It is admitted that John Webb, a citizen of Campbell county, Tennessee, is a manufacturer of corn whisky out of the products of the State, and sells the same "by the quart and upwards," in said county, not to be drank upon the premises where sold.

S. C. Baird is clerk of the county court of said county, and on 23d day of November, 1882, issued his distress warrant against the said Webb for the sum of $112.50 and costs, being amount of State and county tax; said sum was paid under compulsion. And

this suit is brought to recover back the sum thus
paid.

It is now insisted that Webb is not subject to said
tax, and he is exempt under the act of 1870, Code,
sec. 691*e*, and is therefore entitled to recover back the
said sum of $112.50, and costs of this proceeding;
on the other hand it is insisted that the collection
was proper under the act of 1881.

Upon the foregoing facts his Honor, the circuit
judge, held that Webb was liable for wholesale priv-
ilege tax, and was not entitled to recover back the
sum paid by him, and adjudged costs against him.

We have held in another case against Webb, opinion
this day pronounced, that all wholesale and retail deal-
ers in liquors are liable to the tax under the act of
1881, and that although the liquor may be manufac-
tured out of the products of the farms, gardens, etc.,
of the State, they are not thereby exempt from tax
under sec. 961*e* of the Code, as the later revenue law
of 1881 includes all dealers, and contains no exemp-
tions.

The agreement shows "sales by the quart and up-
wards," not to be drunk upon the premises when sold.
Does this constitute a wholesale dealer in liquor? We
think not. In the case of *State* v. *Lowenhaught*, 11
Lea, 13, the defendant was presented for "selling
liquor by the quart, and in larger quantities," not to
be drank upon the premises, upon the idea that he
was required to take out license as a wholesale dealer
in liquor. The circuit judge quashed the presentment,
and upon appeal, this court affirmed the judgment,

declaring such a sale as alleged "by the quart and in larger quantities" did not charge a sale by wholesale. So in this case we hold the agreed facts stating a sale "by the quart and upwards," does not. sustain the judgment of his Honor, the circuit judge,. that plaintiff, Webb, was liable for the wholesale privilege tax as a liquor dealer.

The judgment must be reversed, and judgment. rendered here for the plaintiff.